IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ADAM BRENT WALLACE                                                                            PLAINTIFF

v.                                                                   CIVIL ACTION NO.: 2:20-cv-162-MTP

DANNY RIGEL                                                                                   DEFENDANT

**OPINION AND ORDER[1]**

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Following a *Spears*[2] hearing with Plaintiff and considering the applicable law, the Court finds that Plaintiff's Complaint [1] should be dismissed with prejudice for failure to state a claim and that the dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).[3]

**BACKGROUND**

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises

---

[1] The undersigned Magistrate Judge previously prepared and entered a Report and Recommendation [27] in this matter. Subsequently, the District Judge assigned this matter to the undersigned Magistrate Judge after all parties consented. Accordingly, this Order replaces the Report and Recommendation and will serve as the basis for dismissal of Plaintiff's claims. The prior Report and Recommendation [27] is hereby withdrawn and is replaced by this Order.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

1

from events which occurred while Plaintiff was a pre-trial detainee at Lamar County Jail. Plaintiff's claims and relief sought were clarified by his sworn testimony at the *Spears* hearing.[4]

According to Plaintiff, on June 3, 2018, while he was being detained at Lamar County Jail awaiting trial on child pornography charges, he dislocated his knee while lying down in his bed at approximately 11:45 a.m. He alleges that a nurse came with a wheelchair, looked at his knee and took pictures, and that he was taken to the hospital at approximately 2 p.m. Plaintiff argues that he experienced "excruciating pain" during the approximately two hours and fifteen minutes between the time that he injured his knee and his arrival at the hospital. He stated that he should have been taken "immediately" to the hospital.

At the time of the *Spears* hearing, Sheriff Danny Rigel was the sole Defendant in this action.[5] Plaintiff argues that Defendant Rigel is responsible for his injury because he is ultimately responsible for the care of prisoners at the jail. Plaintiff admitted during the hearing that Defendant Rigel was not there at the time of the incident and had no direct personal involvement in his alleged injury, medical care, or in transporting him to the hospital. As relief, Plaintiff seeks compensatory and punitive damages.

**STANDARD**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

---

[4] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

[5] On October 2, 2020, Plaintiff moved to voluntarily dismiss "Lamar County Jail Workers," "Lamar County," "Nurse Jane Doe," and "Medical Doctor John Doe" from the action. *See* [9].

who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. *See* Order [7].

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

**ANALYSIS**

It is well-settled that § 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klien*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be liable for a § 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff has not shown that Defendant Rigel was personally involved in a constitutional deprivation. At the hearing, Plaintiff admitted that Defendant Rigel had no personal involvement

3

in the alleged incident and was not even there at the time. Plaintiff's claims against Defendant Rigel in an individual capacity are dismissed for failure to state a claim.

In order to state a claim against Defendant Rigel in his official capacity and establish liability against the county, Plaintiff must establish (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *See Rivera v. R.G. Independent School District*, 349 F.3d 244, 249-49 (5th Cir. 2003); *see also Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978).

At the hearing, Plaintiff was asked to identify any custom, policy, or practice that he alleges resulted in the violation of his constitutional rights. He stated that he could not identify one nor is one alleged or otherwise evident. Plaintiff's claims against Defendant Rigel in his official capacity are likewise dismissed for failure to state a claim.

Under 28 U.S.C. § 1915(g), a strike may be imposed if a suit is "frivolous, malicious, or fails to state a claim upon which relief may be granted." As Plaintiff has not stated an actionable claim under § 1983, this action is dismissed with prejudice, and that dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Complaint [1] is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

2. The dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 30th day of July, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE